# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :         Case No. 3:11-cr-029

                                                  District Judge Timothy S. Black

      -vs-                                 Magistrate Judge Michael R. Merz

                                        :

JOSE RAMIREZ-CERILLO,

       Defendant.

## REPORT AND RECOMMENDATIONS

The above-captioned action was referred to the undersigned under Fed. R. Crim. P. 59 for arraignment and change of plea proceedings. Defendant orally consented to proceed before the United States Magistrate Judge for this proceeding.

Prior to the Rule 11 proceedings, the Court conducted an initial appearance. Defendant, through counsel, waived service of process. Defendant also knowingly, intelligently, and voluntarily waived indictment.

The undersigned examined Defendant under oath as to his understanding of the Plea Agreement and the effect of entering a plea pursuant to that Agreement. Having conducted the colloquy, the Magistrate Judge is persuaded the Defendant understands the rights waived by entering a guilty plea and is competent to do so. The Magistrate Judge also concludes that execution of the Plea Agreement, which was acknowledged in open court, is Defendant's voluntary, knowing, and intelligent act. It is therefore respectfully recommended that the Plea Agreement be accepted.

Defendant having executed the Plea Agreement, he tendered a plea of guilty to the offense charged in the Information. The Magistrate Judge concludes the guilty plea is knowing, intelligent,

1

and voluntary and that the Statement of Facts made a part of the Plea Agreement, whose truth Defendant acknowledged, provides a sufficient basis for a finding of guilt. It is therefore respectfully recommended that the guilty plea be accepted and Defendant be found guilty as charged in the Information.

Anticipating the District Court's adoption of this Report and Recommendations, the Magistrate Judge referred the Defendant for a pre-sentence investigation, released him on a conditional own recognizance bond, and set sentencing for July 9, 2010, at 10:30 A.M. in Courtroom No. 2.

March 9, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).